UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tommy Pililimis,<br><br>        Plaintiff,<br><br>v.<br><br>Yancey Murphy & Associates<br>c/o Phillip C. Owens<br>2470 Windy Hill Rd Ste 300<br>Marietta GA 30067-8621<br><br>and<br><br>Phillip C. Owens<br>2470 Windy Hill Rd Ste 300<br>Marietta GA 30067-8621<br><br>        Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint, alleges as follows:

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of the Illinois.

5- Defendant Yancey Murphy & Associates (õYMAö) is a corporation with its principal office in the State of Georgia.

6- Defendant Phillip C. Owens ("Owens") is a natural person who is a legal resident of the State of Georgia.

7- Upon information and belief, Defendant Owens is the owner, manager, supervisor, and/or controller of Defendant YMA.

8- Unless otherwise stated, the term "Defendant" shall collectively refer to Defendant Owens and YMA.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

10- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

11- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

12- In 2011, Plaintiff filed a voluntary bankruptcy petition.

13- In or around January 2013, Defendant telephoned Plaintiff at least 2 times to collect the Debt and left 2 voicemails.

14- During both of these communications, Defendant failed to disclose that the communication was from a debt collector.

15- During both of these communications, Defendant identified itself as Yancey, Murphy & Associates to create the false impression that Defendant was a law firm.

16- During both of these communications, Defendant falsely represented that there was legal action pending against Plaintiff.

17- Defendant damaged Plaintiff.

18- Defendant violated the FDCPA.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(5) by threatening to take action that could not be legally taken at the time.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant did not intend to take at the time.

## COUNT V

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692e(11) by failing to disclose that a communication was from a debt collector.

## JURY DEMAND

29- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:/s/ *Richard J. Meier*
Richard J. Meier, Esq.
Meier LLC
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
*Attorney for Plaintiff*